IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:06CR3157 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TENTATIVE** |
| ) | **FINDINGS** |
| SHAWN CHRISTOPHER FREDE, ) | |
| ) | |
| Defendant. ) | |

I am in receipt of the revised presentence investigation report and addendum in this case. Except for the objection regarding whether the prior conviction is a crime of violence (filing 31), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's objection (filing 31) is denied. Even if I accept everything that the defendant asserts in his objection and brief to be true as a matter of fact, the evidence remains undisputed that the defendant was convicted of knowing and

intentional child abuse and the jury rejected any claim that his behavior was merely negligent. The defendant's crime "otherwise involves conduct that presents *a serious potential* risk of physical injury to another" U.S.S.G. § 4B1.2(a)(2) (emphasis added), even though no serious bodily injury actually occurred as a result of the defendant's conduct. Bluntly put, knowing and intentional child abuse by definition is "a crime of violence" under the advisory Guidelines even without serious bodily injury.

(3) Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

March 2, 2007.                BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge